JANUARY TERM, 1883.   NO. 58.     DECEMBER 6, 1882.

## Overseers of the Poor of Washington Township *v.* Overseers of the Poor of East Franklin Township.

Where a female child, living with her father, became insane at the age of eighteen, and at the age of twenty-three was charged as a pauper on the township in which he then lived, his subsequent removal to another township does not affect her *status* as a pauper, or make her chargeable upon the township to which he removed.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Quarter Sessions of *Armstrong County*.

Appeal of the overseers of East Franklin township from an order of Joseph S. Smith and Thomas B. Faulk, two justices, directing the removal of Sarah Jane Neal from Washington township to East Franklin township, Armstrong county.

On the hearing in the Court below before NEALE, P. J., the following facts appeared : Sarah Jane Neal was born in East Franklin township, Armstrong county, September 6, 1847, on a farm on which her father, John Neal, had lived for many years.   On April 10, 1854, John Neal bought a farm in Washington township, and shortly afterwards moved there, taking with him his daughter, Sarah Jane.   In 1865, Sarah Jane became insane, and on September 7, 1870, an order of relief was granted to the overseers of Washington township on the oath of John Neal, and she was placed by them in the insane asylum at Dixmont.   John Neal continued to reside in Washington township until November 5, 1880, when he bought a house and some land in East Franklin township, and lived there until his death, February 11, 1882.   On December 17, 1881, J. S. Smith and T. B. Faulk, two justices, granted an order directing the removal of Sarah Jane Neal from the charge of the overseers of Washington township to

[Overseers of Washington Twp. *v.* Overseers of E. Franklin Twp.]

the overseers of East Franklin township. From this order, the overseers of East Franklin township appealed. The appeal was argued April 26, 1882, the appellant submitting, *inter alia*, the following points :

"That if an order of maintenance was issued September 7, 1870, charging the said Sarah J. Neal to the township of Washington as a pauper, and she was placed by the overseers of Washington township in an insane asylum, where she has remained ever since, her last legal settlement would be in the said township of Washington, and the order of removal would be without authority of law."

*Answer.* Affirmed. (First assignment of error.)

"If Sarah Jane Neal was an actual pauper on the township of Washington on September 7, 1870, she then being over twenty-one years of age, and removed by the overseers of said township to the insane asylum, where she has remained ever since, and has at no time since formed part of her father's family or household, but has continued a charge upon said township of Washington, her last place of legal settlement would be in said township of Washington, and her settlement would not follow her father to East Franklin township on his removal thereto in 1880.

*Answer.* Affirmed. (Second assignment of error.)

The Court, in its opinion, said, *inter alia :*

"It seems scarcely possible for a pauper, while a pauper, to acquire a new settlement. This being the *status* of Sarah Jane Neal, a declared pauper upon the township of Washington at the time of her father's removal from that township, it does not reasonably follow that she, the child, neither an inmate of his family and not depending upon or receiving support from him, shall, by the mere act of the parent in removing and acquiring a new settlement, become *ipso facto* a charge upon the district of his last acquired settlement." (Fifth assignment of error.)

Appeal sustained. The plaintiff thereupon took this writ, assigning for error, *inter alia*, the affirmance of the appellant's points as above, and the portion of the opinion quoted.

*W. D. Patton* for plaintiff in error.

The only question at issue is whether the settlement of Sarah Jane Neal followed that of her father. The ordinary rule is "that when a father gains a second settlement after the birth of a child, that settlement is usually communicated to the child." 2 Lord Raymond, 1332.

[Overseers of Washington Twp. *v.* Overseers of E. Franklin Twp.]

But it will be said that Sarah Jane Neal was emancipated. But how? She resided with her father until she was eighteen, and then became insane. She has never ceased to need the protection of her father, and has been incapable of securing a settlement for herself. Shippen *v.* Gaines, 5 Harris, 39. But it is said that because she was separated from her father after she became of age, by being sent to Dixmont, that she thereby became emancipated. Rex *v.* Much Cowarne, 2 B. & Adol, 861; Har. Dig., Vol. 2, 5269. "An idiot, though separated from her parents after the age of twenty-one, cannot be emancipated." And the fact that Sarah Jane Neal was not residing with her father at the time he moved into East Franklin township makes no difference, for many a person has been settled by derivative settlements in poor districts, upon the soil of which her feet had never trod. Rex *v.* Edgeworth, 3 T. R., 353; Str., 580; 2 Lord Raym., 1332; 3 Burn's Justice, 309; Rex *v.* Wilmington, 1 D. & R., 140; Overseers of Washington *v.* Overseers of Beaver, 3 W. & S., 548.

*E. S. Golden* for defendant in error.

It would be strange law that would override the order of maintenance in this case, and charge upon East Franklin township the responsibility of maintaining one whose maintenance had been charged upon Washington township after her majority, and at her father's instance, by the mere accident of her father's removal ten or twelve years after her separation from his family.

DECEMBER 30, 1882.—PER CURIAM: How it would have been had the change of residence of the father from Washington to Franklin been during the minority of his daughter, it is unnecessary to decide. Here that change took place after her arrival at full age. She could not be considered as a member of his family, and her father's act could not affect her *status* as a pauper.

Judgment affirmed.